**ORIGINAL**

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. Bar No. 186783)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0721
    Facsimile: (213) 894-0141
    E-mail:    John.Lulejian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**LODGED**
CLERK, U.S. DISTRICT COURT
10/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: jb  DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
OCT 21 2024
CENTRAL DISTRICT OF CALIFORNIA
BY:  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>CODY DYLAN MACINTOSH,<br>  aka "Cody Dillon MacIntosh,"<br>  aka "Dylan Vander."<br><br>A Fugitive from the Government of Canada. | No.  2:24-mj-06384-duty<br><br>COMPLAINT<br><br>FOR PROVISIONAL ARREST WITH A VIEW TOWARDS EXTRADITION (18 U.S.C. § 3184); ORDER THEREON |

TO:  Honorable Brianna Fuller Mircheff
     United States Magistrate Judge
     Central District of California

I, JOHN J. LULEJIAN, being duly sworn, depose and state that I am an Assistant United States Attorney for the Central District of California and act for the United States in fulfilling its obligations to the Government of the Canada pursuant to the Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, as amended by the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. Treaty Doc. No. 101-17 (1990), and the Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12,

2001, S. Treaty Doc. No. 107-11 (2002) (collectively, the "Treaty"), with respect to the fugitive, CODY DYLAN MACINTOSH, also known as ("aka") "Cody Dillon MacIntosh," aka "Dylan Vander" ("MACINTOSH"; DOB: \*\*/\*\*/1996).

In accordance with Title 18, United States Code, Section 3184, I charge on information and belief as follows:

1. That Article 11 of the Extradition Treaty provides for the provisional arrest and detention of alleged fugitive pending the submission of a formal request for extradition and supporting documents.

2. That in accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of MACINTOSH with a view towards his extradition.

3. That according to the information provided by the Government of Canada, MACINTOSH was charged and convicted of the following crimes:  one count of Making Child Pornography, in violation of section 163.1(2) of the Criminal Code of Canada ("CCC)"; one count of Sexual Interference, in violation of section 151 of the CCC; and one count of Sexual Assault, in violation of section 271 of the CCC.

4. Canadian authorities allege that MACINTOSH committed these offenses within the jurisdiction of Canada.

5. That on or about January 4, 2024, Judge Elizabeth Buckle of the Provincial Court of Nova Scotia found MACINTOSH guilty of all three offenses at a trial in which MACINTOSH was present and testified.  MACINTOSH failed to appear for his sentencing date.

6. That on or about June 4, 2024, Justice of the Peace Hilary Rankeillor of the Provincial Court of Nova Scotia issued a warrant for MACINTOSH's arrest.

7. That the offenses for which MACINTOSH's provisional arrest is sought are covered by Article 2 of the Extradition Treaty.

8. Authorities from Canada provided the following facts related to the above offenses to provide their request for the provisional arrest of MACINTOSH:

    a. On or about November 26, 2020, MACINTOSH, who was 24 years old at the time, engaged in oral, vaginal, and anal intercourse with a 15-year-old female (the "Victim") in the bathroom of a shopping mall.

    b. MACINTOSH met the Victim on or about November 25, 2020. Over the course of two days, MACINTOSH and the Victim spent several hours with one another at the shopping mall, and communicated with each other by telephone and/or text. At his trial, MACINTOSH testified that he and the Victim had a disagreement at some point on or about November 26, 2020, and separated for an approximate period of time of between 30 to 75 minutes.

    c. MACINTOSH and the Victim met back up and entered a public bathroom in the shopping mall at approximately 8:30 p.m. on or about November 26, 2020, where they engaged in the above sex acts. MACINTOSH recorded portions of the sex acts on his telephone, which he provided to Canadian law enforcement. The first recording shows the Victim performing oral sex on MACINTOSH at 8:35 p.m. According to the recordings, while she performed oral sex, the Victim indicated that she did not want to continue, stating that she was tired. MACINTOSH then twice requested anal sex from the Victim. The Victim

did not respond, did not say "yes," and did not change her position to accommodate anal sex.  MACINTOSH, however, ordered the Victim to "bend the fuck over" and to "get up."  At that point, the Victim complied and bent over the bathroom sink.  MACINTOSH then proceeded to engage in anal sex with the Victim.  He then ejaculated on the Victim's face, put his penis in her mouth, and told her to "swallow it."

        d.   At trial, MACINTOSH claimed that the Victim told him she was at least 18 years old and that she consented to the above sex acts.  To support his defense, MACINTOSH cited text messages he and the Victim had sent to one another on or about November 26, 2020, discussing her interest in anal sex.  The trial judge, however, found that neither of these facts, even if true, negated his culpability for the crimes.  As to her age, the trial judge found that MACINTOSH failed to take reasonable steps to confirm her age and ignored numerous red flags that she was in fact under 16.  As to her consent, the trial judge found that while the Victim may have consented to sex earlier in the day, and consented initially to oral sex, there was no evidence to support a finding that MACINTOSH took any reasonable steps to ensure that the Victim had consented to anal sex, the act of him ejaculating on her face, or the subsequent oral sex.

        e.   Following conviction of the above offenses, the trial judge scheduled two sentencing hearings, first, on or about April 18, 2024, and second, on or about June 4, 2024.  After MACINTOSH failed to appear at either hearing, the trial judge issued a bench warrant for his arrest.

9. I am informed and believe that MACINTOSH may be found within the jurisdiction of this Court:

    a. On or about August 24, 2024, Canadian authorities learned from the Los Angeles County Sherriff's Office that MACINTOSH was living in Los Angeles, California.

    b. On or about September 17, 2024, U.S. Immigration and Customs Enforcement ("ICE") officers arrested MACINTOSH. Following his arrest, MACINTOSH denied being a Canadian citizen. ICE sent MACINTOSH's arrest photograph to the Halifax Regional Police ("HRP"). An HRP investigator familiar with MACINTOSH examined the photograph and confirmed that the person in the photograph was MACINTOSH. He also provided unique features about MACINTOSH, including tattoos and a scar on his right cheek.

    c. MACINTOSH currently is detained by ICE at Desert View Annex in Adelanto, California, within this District. He is scheduled to have a bail hearing related to his detention on or about October 22, 2024.

10. That the Government of Canada has represented that it will submit a formal request for extradition supported by the documents specified in the Extradition Treaty, within the time required under the Extradition Treaty.

WHEREUPON, complainant requests that a warrant be issued, based on probable cause, pursuant to Title 18, United States Code, Section 3184, for the arrest of MACINTOSH and the extradition treaty between the United States and Canada, and that this complaint and the warrant

\\
\\
\\

5

be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

DATED: This _____ day of October, 2024, at Los Angeles, California.

          Respectfully submitted,

          E. MARTIN ESTRADA
          United States Attorney

          MACK E. JENKIINS
          Assistant United States Attorney
          Chief, Criminal Division

          /s/ John J. Lulejian
          JOHN J. LULEJIAN
          Assistant United States Attorney

          Attorneys for Complainant
          UNITED STATES OF AMERICA

Subscribed and sworn to by the applicant on this 21 day of October, 2024.

_____
HONORABLE BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

6